NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JUAN ZALAZAR, | : | |
| | : | Civil Action No. 14-8132 (SDW) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| STACEY KAMINSKI, et al., | : | |
| | : | |
| Defendants. | : | |

**WIGENTON**, District Judge:

Plaintiff, Juan Zalazar, filed a complaint against Defendants, Stacey Kaminski, Merril Main, Susan Davis, Sherry Yates, Shantay Adams, and Jacylen Ottino, on December 31, 2014. (ECF No. 1). On March 4, 2015, this Court granted Plaintiff's application to proceed *in forma pauperis*. (ECF No. 3). At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set out below, this Court allows Plaintiff's Fourteenth Amendment claims to proceed against all Defendants in their individual capacities, but claims against Defendants in their official capacities seeking monetary damages shall be dismissed.

**I. BACKGROUND**

Plaintiff, Juan Zalazar, is currently civilly committed to the East Jersey State Prison Special Treatment Unit (STU) in Avenel, New Jersey, pursuant to the New Jersey Sexually Violent

Predator ("SVP") Act , N.J. Stat. Ann. § 30:4-27.24 *et seq.*  Plaintiff alleges in his complaint that the rules and regulations through which the STU is managed are interfering with his receipt of the prescribed medical treatment with which he must comply in order to be released from the facility. (*Id.* at 4-8).[1]  Plaintiff alleges that, on multiple occasions, Corrections officers lock down or otherwise temporarily imprison the civilly committed individuals for security reasons (such as while transporting individual detainees to medical or other housing units).  (*Id.* at 9-19).  Plaintiff alleges that while his housing unit is in lockdown, "treatment staff is told to leave the . . . unit" and treatment is either postponed or cancelled altogether for that day.  (*Id.* at 9).  Plaintiff alleges that this temporary cessation of treatment during lock up situations prevents him from receiving treatment and thus extends his term of commitment at the STU.  (*Id.* at 12).  Plaintiff provides several specific instances in which his unit was locked down for a variety of reasons, and treatment was postponed or cancelled as a result, including December 18 and 19, 2014.  (*Id.* at 9-12).

Plaintiff also alleges that the use of Modified Activities Program ("MAP") status by corrections officers in response to violations of policies and regulations further inhibits his treatment.  (*Id.* at 12-13).  Plaintiff alleges that MAP status, a five stage process during which an individual is placed on decreasingly severe levels of isolation over the course of numerous months, results in a complete cessation of treatment until the MAP status individual completes MAP and requests that he be placed back into a therapy group.  (*Id.* at 13-15).  In his "addendum" to his complaint, Plaintiff identifies a specific instance (January 8, 2015) in which he was placed on

---

[1] All page numbers as to ECF No. 1 refer to the Clerk's PageID numbers, as Plaintiff has two sets of page numbers in his filing.

2

MAP status after a corrections lieutenant reported him for "personal reasons."[2] (Addendum, Attached as Document 1 to ECF No. 2, at 1). Plaintiff alleges that these MAP placements are the result of charges brought by corrections officers, as enforced under DOC policies, on false pretenses, and that he is unable to call witnesses in his defense in response to the officers' allegations. (*Id.* at 2).

Plaintiff alleges that Defendants are officials employed by either the Department of Corrections or the Department of Human Services for the State of New Jersey responsible for the promulgation of the rules and policies for the running of the STU. (ECF No. 1 at 5-7). Plaintiff specifically names the following Defendants: Stacey Kaminski, who Plaintiff identifies as an Administrator of the STU for the DOC; Merril Main, the clinical director of the STU's treatment staff under the DHS; Susan Davis, the DOC's assistant superintendent for the STU; Sherry Yates, another DOC superintendent for the STU; Shantay Adams, DHS's Unit Director for the STU; and Jacylen Ottino, the Program Director of the STU's MAP Unit. (*Id.* at 4-6). Plaintiff alleges that these individuals are responsible for the rules and policies that have limited his treatment during unit lock ups and MAP placements, that these individuals are aware of the effects their policies have upon treatment, and have refused to alter the policies or otherwise been deliberately indifferent to the effects of STU policy. (*Id.*).

## II. DISCUSSION

### A. Legal Standard

---

[2] Plaintiff's addendum also contains allegations that officers disposed of food stored by SVPs in a communal refrigerator without asking, and argues that the cancellation of some recreational activities due to a lack of staff are further indicative of the problems at the STU. (Addendum, Attached as Document 1 to ECF No. 2, at 4, 10-11).

District courts must review complaints in those civil actions in which a litigant is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B). The statute directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. As Plaintiff brings his claims *in forma pauperis*, his complaint must be screened pursuant to 28 U.S.C. §§ 1915(e)(2)(B).

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[3], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

---

[3] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

**B.   Analysis**

Plaintiff asserts that, based on the alleged facts recounted above, Defendants have promulgated rules and policies which violate his Fourteenth Amendment Due Process Rights and are thus liable to him under 42 U.S.C. § 1983.   42 U.S.C. § 1983 provides "private citizens with a means to redress violations of federal law committed by state individuals."   *Woodyard v. Cnty. Of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013).   To assert a claim under the statute, a plaintiff must show that he was a deprived of a federal constitutional or statutory right by a state actor.   *Id.* When evaluating the merits of a § 1983 claim, the Court must identify the contours of the underlying right Plaintiff claims was violated and determine whether Plaintiff has properly alleged the violation of such a right at all.   *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000).   Based on the facts presented and the allegations contained in Plaintiff's complaint, this Court construes Plaintiff's complaint as asserting a claim that his Fourteenth Amendment Due Process rights were violated by a reduction/denial of treatment.

**1.   Plaintiff's Official Capacity Claims**

Plaintiff names all of the Defendants in both their individual and official capacities.   A suit against a state official in his official capacity is not a suit against the official, but against his office.   *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 280 (D.N.J. 2013); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).   A suit against a state official's office is "no different from a suit against the state itself."   *Grohs*, 984 F. Supp. 2d at 280 (citing *Will*, 491 U.S. at 71). The Eleventh Amendment bars suits for money damages against States or their agencies or departments, and as such States and State agencies are not considered "persons" amenable to suit

5

for money damages under § 1983. *Id.* A claim for money damages against a state official in his or her official capacity is thus likewise barred, as an official acting in his official capacity is not a person subject to suit for money damages for the purposes of § 1983. *Id.* Claims for injunctive relief, however, may proceed against an official acting in his official capacity as claims for prospective relief "'are not treated as actions against the state.'" *Id.* at 281 (quoting *Will*, 491 U.S. at 71 n. 10).

Here, Plaintiff asserts claims against Defendants (all officials employed by either New Jersey's Department of Human Services or Department of Corrections) in their official capacity under § 1983, seeking monetary compensation. Such claims are clearly barred by sovereign immunity and must be dismissed. *Id.* at 280-81; *Will* 491 U.S. at 71. Plaintiff also seeks, however, the following prospective relief: an injunction transferring him to a federally funded facility where he can receive proper treatment, an injunction transferring either himself or Defendants during the pendency of his suit, and a court appointed over-seer to ensure the requested injunctive relief is carried out. (ECF No. 1 at 22). Construing these requests liberally as requesting prospective relief to alleviate the conditions which prevent Plaintiff from receiving proper treatment,[4] and because this Court discerns no basis for dismissing Plaintiff's Fourteenth Amendment claim at this time, this Court will allow Plaintiff's claim to proceed against Defendants in their official capacities only in so much as it seeks prospective relief.

## III. CONCLUSION

---

[4] New Jersey only has one facility for the housing of civilly committed SVPs. As such, there does not appear to be a facility to which Plaintiff could be transferred in the normal course, thus it is doubtful that the prospective relief he has specifically requested is possible.

For the reasons stated above, Plaintiff's Fourteenth Amendment claim will proceed against all Defendants as it seeks prospective relief, but Plaintiff's claim for monetary damages will be dismissed as to all Defendants in their official capacity.   An appropriate order follows.

      *s/Susan D. Wigenton*
      HON. SUSAN D. WIGENTON
      U.S.D.J.